UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA KENISON,**

    **Plaintiff,**                         CASE NO.: 8:20-cv-01139-MSS-JSS

v.

**SCHELLMAN & COMPANY, LLC,**

    **Defendant.**
_____/

### FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff Linda Kenison ("Plaintiff") by and through her undersigned attorney, alleges and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Schellman & Company, LLC ("Defendan**t**") for violations of the Florid Civil Rights Act ("FCRA") and the Family & Medical Leave Act ("FMLA").

2. Plaintiff is resident of Hillsborough County, Florida.

3. Defendant is a Florida Limited Liability Company with its principal place of business in Hillsborough County, Florida.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the FMLA. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a)

1

5. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in this district, Defendant has its principal office in this district, and there is no other district that has substantial connection to the claim.

## FACTUAL ALLEGATIONS

6. Defendant hired Plaintiff on March 13, 2017 as a Senior Associate in the Payment Card Industry Data Security Standard Department ("the PCI Department").

7. During her tenure at Schellman & Company, LLC, Plaintiff performed her job satisfactorily and was not subject to any discipline.

8. Despite Plaintiff's excellent performance, Defendant subjected her to discrimination based on her disability, as well as unlawful retaliation.

9. Defendant was, at all relevant times, aware that Plaintiff had been diagnosed with breast cancer.

10. Breast cancer is both a "handicap" under the FCRA and a serious medical condition under the FMLA

11. In June of 2017 Plaintiff requested an accommodation due to the effects of her cancer treatment.

12. Specifically, Plaintiff requested that she be assigned to fewer, but larger, clients rather than having to divide her attention among 7-8 clients and 4 different managers. Notably, Plaintiff would still be doing as much work but focusing on 1 or 2 large clients and reporting to only 1 or 2 managers.

13. Plaintiff's Practice Principal, Doug Barbin ("Barbin"), approved this accommodation, saying it is currently done with another employee.

14. However, the accommodation was never implemented.

15. Instead, over the next several months, the company assigned Plaintiff even more clients and more work.

16. Defendant also gave Plaintiff shorter deadlines than other, non-disabled, employees.

17. In December of 2017 Plaintiff brought up to Bardin the fact that she was juggling seven different clients and feeling overwhelmed.

18. In response, Barbin stated that Plaintiff could be assigned to a single client (Sykes) exclusively, as the client had requested this.

19. In April of 2018, Plaintiff was sent by Defendant to El Salvador to assess a Sykes' call center there.

20. After this trip, Plaintiff informed one of her managers that her cancer had spread and she required an additional surgery, scheduled for May 15, 2018.

21. This manager assured Plaintiff that there were no pending assignments that would be impacted by her surgery date.

22. Thereafter, Plaintiff wrote an email to Defendant's Human Resources Department ("HR"), informing them of the date of the surgery and requesting procedures on submitting a claim for short-term disability for my recovery period.

23. Plaintiff did not receive a response from HR to her email.

24. The next day, April 19, 2018, Plaintiff followed with HR on her email and was placed on a conference call with an HR representative and Bardin.

25. Bardin simply said to Plaintiff "We have been talking and decided to part ways." Bardin then hung up and the HR representative discussed the termination process with Plaintiff.

26. Thereafter, in April of 2018, Plaintiff timely dual-filed a charge of discrimination and retaliation with the Florida Commission on Human Relations (FCHR) and the Equal Employment Opportunity Commission (EEOC).

27. To the best of Plaintiff's knowledge, the FCHR did not investigate the charge.

28. In any event, the FCHR did not issue a determination within 180 days, therefore, the four-year statute of limitations applies to Plaintiff's FCRA claims. *See Joshua v. City of Gainesville*, 768 So. 2d 432, 433 (Fla. 2000) ("We hold that the general four-year statute of limitations for statutory violations, section 95.11(3)(f), Florida Statutes (1995), applies to actions filed pursuant to chapter 760, Florida Statutes, if the Commission on Human Relations does not make a reasonable cause determination on a complaint within the 180 days contemplated by section 760.11(8), Florida Statutes (1995).").

29. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the FCRA.

30. Plaintiff is a disabled female who, at all times relevant hereto, was an employee, as defined by the FCRA and the FMLA.

31. At all times relevant hereto, Defendant was an employer as defined by the FMLA and the FCRA.

**COUNT ONE**
**Interference in violation of the Family and Medical Leave Act**
**(29 U.S.C. §§ 2601 et al.)**

32. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33. In April of 2018 Plaintiff was an eligible employee as defined by the FMLA.

34. In April of 2018 Defendant was a covered employer as defined by the FMLA.

4

35. Plaintiff was employed by Defendant for more than 12 months and worked at least 1250 hours in the 12 months proceeding her FMLA leave.

36. Defendant has at least 50 employees within a 75 mile radius of Plaintiff's assigned working location.

37. In April of 2018, Plaintiff sought leave for her own serious health condition.

38. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide her with the required notices, forms, information, and protected leave as required by the FMLA.

39. Plaintiff has suffered damages as a result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

40. Defendant intentionally and willfully violated Plaintiff's rights under the FMLA, with malice or reckless indifference, and, as a result, is liable for liquidated damages under the FMLA.

## COUNT TWO
**Retaliation in violation of the Family and Medical Leave Act**
**(29 U.S.C. §§ 2601 et al.)**

41. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

42. In April of 2018 Plaintiff was an eligible employee as defined by the FMLA.

43. In April of 2018 Defendant was a covered employer as defined by the FMLA.

44. Plaintiff was employed by Defendant for more than 12 months and worked at least 1250 hours in the 12 months proceeding her FMLA leave.

45. Defendant has at least 50 employees within a 75 mile radius of Plaintiff's assigned working location.

5

46. In April of 2018, Plaintiff engaged in protected activity under the FMLA by requesting leave for surgery related to her own serious medical condition.

47. Only one day after Plaintiff engaged in this protected activity, Defendant summarily fired her without explanation.

48. Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

49. Defendant intentionally and willfully violated Plaintiff's rights under the FMLA, with malice or reckless indifference, and, as a result, is liable for liquidated damages.

## COUNT THREE
### Handicap Discrimination in Violation of the FCRA
### (Fla. Stat. §§ 760.01-760.11)

50. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

51. Plaintiff was legally handicapped and qualified for her position under the FCRA when Defendants fired her.

52. Defendant agreed to a reasonable accommodation for Plaintiff's handicap but then failed and refused to implement said accommodation.

53. In addition, Defendant marginalized Plaintiff while treating similarly situated employees without handicaps more favorably.

54. Plaintiff has suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

6

55. Defendant intentionally violated Plaintiff's rights under the FCRA, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT FOUR
### Handicap Discrimination in Violation of the FCRA
### (Fla. Stat. §§ 760.01-760.11)

56. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

57. In April of 2018, Plaintiff engaged in protected activity under the FCRA by requesting an accommodation for her handicap in the form of time off to have surgery.

58. Only one day after Plaintiff requested the accommodation, Defendant summarily fired Plaintiff on April 19, 2018 for no legal reason.

59. Defendant fired Plaintiff because she requested an accommodation for her handicap under the FCRA.

60. Plaintiff has suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

61. Defendant intentionally violated Plaintiff's rights under the FCRA, with malice or reckless indifference, and, as a result, is liable for punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff damages for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff front pay (including benefits);

D. Award Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: May 22, 2020.

*/s/Amanda Ellen B. Clay, Esq.*
AMANDA ELLEN B. CLAY, ESQ.
Fla. Bar No. 28808
Three Thirteen Law, PLLC
1101 E. Cumberland Ave., Suite 201H
PMB 604
Tampa, FL 33602-4231
mandi@ThreeThirteenLaw.com
docket313@gmail.com
Phone: 813-530-9849

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 22, 2020, I filed a true and correct copy of the foregoing with the CM/ECF system which will provide copies to all counsel of record. I further certify that there are no parties who require service by other means.

*/s/Amanda Ellen B Clay, Esq,*
Attorney
